UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-77-F

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| BARNEY DUNLAP, SIERRA FOX, and RUDY FOX, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff Metropolitan Life Insurance Company's ("MetLife") Motion for Entry of Default Judgment [DE-23] against defendant Barney Dunlap ("Dunlap"). Upon review of MetLife's motion, the supporting memorandum, and the pleadings in this case, and confirmation that Dunlap waived service of process, *see* [DE-10] but has not filed an Answer or otherwise responded to MetLife's Complaint, the court finds that the following facts are uncontested by defendant Dunlap:

1. This case involves competing claims by defendants Dunlap, Sierra Fox and Rudy Fox for group life insurance benefits under the Corning Incorporated Survivor Benefit Plans, in which Roselyn Denise Dunlap (the "Decedent") was a participant.

2. The Decedent was an employee of Corning Incorporated and a participant in the Corning Incorporated Survivor Benefit Plans (the "Plans"), and ERISA-regulated employee welfare benefit plan sponsored by Corning Incorporated, and funded by a group life insurance policy issued by MetLife.

3. MetLife, as claim fiduciary, is required to administer claims in accordance with ERISA and the documents and instruments governing the Plan.

4. The Plan's Summary Plan Description ("SPD"), see [DE-1], Exhibit A, establishes the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary. See id. at ¶ 11. The Plan further provides that

> If you do not have a beneficiary designation on record at the time of your death, or if no beneficiary is living at the time of your death, benefits will be paid to the first of the following survivors, in the order listed below:
> - Your spouse
> - Your children
> - Your parents
> - Your brother and sister
> - Your estate

There are no beneficiary designation forms on file with the Plan.

5. Dunlap is the surviving spouse of the Decedent, and defendants Sierra Fox and Rudy Fox are the Decedent's surviving children.

6. The Decedent died on May 10, 2008. At the time of her death, the Decedent had life insurance coverage under the Plan in the total amount of $398,998.21. The Plan benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

7. The Decedent died from a gun shot wound to the abdomen. On May 9, 2008, according to the Lenoir Police Department Incident/Investigation Report, Dunlap confessed to killing the Decedent and her boyfriend. Dunlap was convicted of the first degree murder of Roselyn Fox Dunlap by a jury in the Superior Court of Caldwell County, North Carolina, on September 1, 2011. See Verdict Form in State v. Barney Adrian Dunlap, No. 08 CRS 51353 [DE-27], Exh. A. Dunlap currently is incarcerated at Central Prison in Raleigh, North Carolina, serving a life sentence. See id., Exh. B.

8. MetLife could not determine whether a court would find that Dunlap is disqualified from receiving the Plan benefits. MetLife has not failed or refused to pay the group life

2

insurance benefits at issue in this case, but instead has filed a Complaint in Interpleader so that this court may resolve uncertainty concerning the correct recipient of those benefits.

9. Defendants Sierra Fox and Rudy Fox have answered the Complaint in Interpleader and have asserted crossclaims against Dunlap for declaratory judgment. Dunlap has not answered or otherwise responded to the Complaint in Interpleader. His waiver of service appears of record at [DE-10].

10. Entry of Default [DE-22] was filed by the Clerk of Court on August 19, 2011.

Based on the foregoing undisputed facts the court enters the following Conclusions of Law, as to defendant Barney Dunlap only.

1. Rule 55(a) of the federal Rules of Civil Procedure provides for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55 (a).

2. After default has been entered, Rule 55 (b)(2) authorizes the court to enter a default judgment against the defaulting party.

3. "In the context of an interpleader action, a defendant against whom default judgment has been entered forfeits any claim of entitlement that might have been asserted by that defendant." *The Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10-CV-00004, 2010 U.S. Dist. LEXIS 93405 at *11 (W.D. Va. Sept. 8, 2010) (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133, n.4 (4th Cir. 1984)).

4. By waiving service of summons, Dunlap was required to answer or otherwise respond to the Complaint in Interpleader by July 11, 2011. Given Dunlap's failure to do so, "entry of default judgment pursuant to Rule 55 (b)(2) is appropriate." *Id.* at *12.

5. Dunlap therefore, is ineligible to receive the group life insurance benefits at issue in this case and MetLife, Corning Incorporated, and the Corning Incorporated Survivor Benefit Plans are discharged from any further liability relating to Dunlap with regard to those benefits.

*See id* (finding that the interpleader defendant that failed to answer or respond to the interpleader complaint was "not entitled to any share of the judgment proceeds from the underlying interpleader action" and "discharg[ing] [the insurer] from any further liability" with regard to that defendant).

6. A hearing is unnecessary with regard to Dunlap's eligibility because MetLife does not seek damages for which an accounting would be required, and the truth of the allegations on which this motion is based has been established as to Dunlap by virtue of his failure to Answer or otherwise respond after having been served in this case. *See* FED. R. CIV. P. 55 (B)(2),

IT THEREFORE IS ORDERED that plaintiff Metropolitan Life Insurance Company's Motion for Entry of Default Judgment against defendant Barney Dunlap [DE-23] IS ALLOWED.

SO ORDERED.

This the 15th day of September, 2011.

JAMES C. FOX
United States District Judge